Raymond GUIDEN, Appellant (Plaintiff Below),

v.

TOWN OF HIGHLAND, Indiana, Appellee (Defendant Below).

No. 3–481A94.

Court of Appeals of Indiana, Third District.

Sept. 28, 1981.

John C. Ruckelshaus, Walter F. Lockhart, Ruckelshaus, Roland & O'Connor, Indianapolis, for appellant.

Charles L. Zandstra, Daniel G. Hoebeke, Zandstra, Zandstra & Muha, Highland, for appellee.

STATON, Judge.

Raymond Guiden appeals the entry of a negative judgment upon his complaint seeking reinstatement to the police department of the Town of Highland. The trial court affirmed the decision of the Highland Board of Police Commissioners to dismiss Guiden for his failure to complete the minimum basic training and certification requirements prescribed by the Law Enforcement Training Board (LETB), a state agency.

On appeal, Guiden raises the following issue for review:

Did the trial court err in holding that Guiden was subject to the training and certification requirements?

Affirmed.

The facts are undisputed. Guiden was originally employed as a police officer by the Town of Highland on October 11, 1967. He voluntarily resigned from the police department on February 15, 1972, to take employment in another area. On October 25, 1976, Guiden was re-employed as a police officer with the Highland Police Department. On May 22, 1979, the chief of the police department filed formal charges against Guiden which requested Guiden's dismissal from the police department because he failed to complete the minimum basic training and certification requirements prescribed by the LETB. The charges alleged specifically that Guiden "failed to achieve a minimum passing score of 70% on the law examination prescribed by the Executive Director of the Law Enforcement Training Board after the third and final opportunity to pass prescribed test in accordance with I.C. 5–2–1–9." Passing the examination, *inter alia*, was a prerequisite to Guiden's continued employment with the police department. The Highland Board of Police Commissioners conducted a hearing on the charges. Guiden contended at the hearing (as he does on appeal) that his service with the police department prior to the promulgation of the training and certification requirements in July of 1972 exempted him from those requirements under a statutory "grandfather clause." The Commissioners rejected Guiden's contention and dismissed him. Judicial review of the Commissioners' decision resulted in its affirmance by the trial court. Guiden perfected this appeal from the judgment of the trial court.

A brief review of the statutes and administrative regulations under which Guiden

was dismissed will facilitate the resolution of this appeal. In 1967, the legislature created the LETB for the purpose of implementing a mandatory training program for law enforcement officers throughout Indiana. IC 1976, 5–2–1–3 (Burns Code Ed.) (minor amendment 1981; *see,* West's Ind. Leg.Serv. (1981), vol. 6, at 2130). The scope of the LETB's authority was delineated in IC 1976, 5–2–1–9(a) (Burns Code Ed.):

"(a) It shall be the duty of the board, and said board is hereby authorized and empowered to adopt, in accordance with the applicable law concerning making, promulgating, filing and publishing rules by state agencies, all necessary rules and regulations to carry out the provisions of this act [5–2–1–1—5–2–1–15]. Such rules and regulations, which shall be adopted only after necessary and proper investigation and inquiry by the board, shall include, but need not be limited to the establishment of:

"(1) Minimum standards of physical, educational, mental and moral fitness which shall govern the acceptance of any person for training by any law enforcement training school or academy meeting or exceeding the minimum standards established pursuant to this act.

"(2) Minimum standards for law enforcement training schools administered by towns, cities, counties or agencies or departments of the state.

"(3) Minimum standards for courses of study, attendance requirements, equipment and facilities for approved town, city, county and state law enforcement training schools.

"(4) Minimum qualifications for instructors at approved law enforcement training schools.

"(5) Minimum basic training requirements which law enforcement officers appointed to probationary terms shall complete before being eligible for continued or permanent employment.

"(6) Minimum basic training requirements which law enforcement officers not appointed for probationary terms but appointed on other than a permanent basis shall complete in order to be eligible for continued employment or permanent appointment.

"(7) Minimum basic training requirements which law enforcement officers appointed on a permanent basis shall complete in order to be eligible for continued employment."

In response to its statutory authorization, the LETB promulgated the following administrative regulations relevant to this appeal:

"All law enforcement officers appointed by the State of Indiana or any of its political subdivisions on or after 2:00 p. m., E.S.T., on Thursday, July 6, 1972, whether said appointment is on a probationary, permanent, or other than probationary or permanent basis, shall, within one year of the date of appointment, successfully complete the minimum basic training course prescribed by the Law Enforcement Training Board and described in Rule V *[250 IAC 1–5]* herein. Provided, however, That any such officer who has had previous law enforcement experience including basic law enforcement training meeting or exceeding the standards enumerated in Rule V *[250 IAC 1–5]* herein, may, upon proof of such previous experience and training, obtain a waiver of the training mandated herein, with the approval of the Board, upon recommendation by the Executive Director; however, in the discretion of the Board, a waiver applicant may be allowed to test out on any or all phases of the basic course." (brackets original)

250 IAC 1–2–1 (1979 Ed.).

"The minimum basic training course necessary to satisfy the mandate contained in Rule II *[250 IAC 1–2]* shall consist of not less than two hundred and forty classroom hours, and the subject matter covered shall include:

"(1) Academy Introduction and Orientation.

"(2) Police-Community Relations.

"(3) Agencies and their Jurisdiction within the Criminal Justice System.

"(4) Law Enforcement Ethics.

"(5) Criminal Law and Procedure.

"(6) Law Enforcement and Investigative Techniques.

"(7) Civil Process.

"(8) Psychology and Sociology.

"(9) Traffic Control and Enforcement Techniques.

"(10) Criminalistics and Forensic Sciences.

"(11) First Aid.

"(12) Defensive Tactics.

"(13) Proper Use of Firearms.

"The minimum classroom hours and subject matter outlined above may be increased by the Board...." (brackets original)

250 IAC 1–5–1 (1979 Ed.).

"The Executive Director of the Law Enforcement Training Board shall establish, and shall apply uniformly to all persons attending Board approved basic training schools, a minimum passing score of 70% in each of the following segments of the basic training course: first aid, firearms, law and the general curriculum. Failure to attain such passing score for the basic training course shall constitute grounds for discharge on the basis of incapacity or incompetency. A person failing to achieve such passing score need not be discharged if the officer, agency, or department employing such person obtains approval from the Executive Director to retake any examinations previously failed. Failure to achieve a passing score for the second time shall constitute disqualification unless, in the discretion of the Board, a third and final opportunity should be allowed...."

250 IAC 1–2–4 (1979 Ed.).

"Any law enforcement officer described in paragraph II A *[250 IAC 1–2–1]* above who fails to successfully complete said required basic training course within one year after his first or original appointment by a single appointing authority (on or after July 6, 1972) shall not be empowered or authorized to enforce the laws or ordinances of the State of Indiana or any political subdivision thereof after the first anniversary of his date of appointment...." (brackets original)

250 IAC 1–2–3 (1979 Ed.). The legislature enacted the enforcement mechanism of IC 5–2–1–9(b) for the LETB to ensure strict compliance with its minimum basic training and certification requirements:

"(b) No law enforcement officer appointed on or after an effective date established by the board by its rules and regulations shall be empowered or authorized to enforce the laws or ordinances of this state or any political subdivision thereof unless he has, within one [1] year from his date of appointment, successfully completed the minimum basic training requirements established pursuant to this act by the law enforcement training board. Should any such person fail to successfully complete said basic training requirements within one [1] year from his date of employment, he shall not perform any of the duties of a law enforcement officer involving control or direction of members of the public or exercising the power of arrest until he has successfully completed such basic training requirements. The provisions of this section shall not apply to any law enforcement officer appointed prior to the effective date established by the board."

The LETB established July 1, 1972, as the "effective date" referred to in IC 5–2–1–9(b). *See,* 250 IAC 1–5–3 (1979 Ed.).

Guiden relies upon the last sentence of IC 5–2–1–9(b), which he denominates as the "grandfather clause," to support his contention that he is exempted from the minimum basic training and certification requirements.[1] Guiden contends that he was "appointed" to the police department on October 11, 1967, and that IC 5–2–1–9 as well as the LETB's administrative regulations "shall not apply to any law enforcement officer appointed prior to [July 1, 1972]." Thus, his three failing scores on the law examinations, Guiden contends, could not

---

1. A "grandfather clause" similar to that contained in IC 5–2–1–9(b) appears in 250 IAC 1–5–3. However, Guiden neither cites nor relies upon its provisions.

have been invoked by the Highland Board of Police Commissioners to deprive him of his right to continued employment with the police department.

■ Neither IC 5–2–1–9(b) nor the administrative regulations promulgated by the LETB may be construed to hold the "grandfather clause" applicable to Guiden. When Guiden resigned from the police department of his own volition on February 15, 1972, his employment terminated. His new employment with the police department commencing on October 25, 1976, had no relation to his former employment insofar as it affected his rights and obligations under the LETB's mandatory training program.

The LETB foresaw the predicament that would confront police officers like Guiden who had resigned from the police department prior to the effective date of the LETB's mandatory training program but had been reappointed to the police department after that date. In 250 IAC 1–2–1, the LETB prescribed the following relief mechanism for former police officers who had been reappointed after the effective date of the program:

"[A]ny such officer who has had previous law enforcement experience including basic law enforcement training meeting or exceeding the standards enumerated in Rule V [250 IAC 1–5] herein, may, upon proof of such previous experience and training, obtain a waiver of the training mandated herein, with the approval of the Board, upon recommendation by the Executive Director; however, in the discretion of the Board, a waiver applicant may be allowed to test out on any or all phases of the basic course."

This regulation afforded the LETB flexibility in reviewing the qualifications of persons with previous law enforcement experience. Those persons may have retained a minimum level of proficiency in areas subject to the minimum basic training course, thus rendering the course or parts thereof unnecessary for certification. However, in other areas covered by the course, experienced police officers may need to demonstrate their present qualifications if those areas underwent considerable change during the police officer's absence from active law enforcement. A prime example of such an area is criminal law and procedure, which undergoes constant evolution insofar as the constitutional rights of individuals and police officers are concerned. Furthermore, experienced police officers may need to demonstrate a retention of skills in areas that are essential to ensure the public safety and general welfare of the people, such as the use of firearms and first aid treatment. Thus, the LETB by promulgating 250 IAC 1–2–1 has excluded any concept of automatic "grandfathering" for a police officer with previous law enforcement experience. The incisive observations of the Town of Highland in its appellate brief reveals the inherent infirmity with any argument espousing automatic "grandfathering":

"Therefore, Guiden appears to be contending that any police officer who has had any law enforcement experience prior to July 6, 1972, would be exempt from the requirements of the Act. Thus, hypothetically, a person could, under Guiden's theory, have been a police officer for six months in 1955, resigned, and rejoined a police force twenty years later with no necessity of following the requirements of the Act and Rules. The Town would respectfully submit that such a construction of the statute and Rules would defeat one of the primary purposes of the statute—to upgrade the quality of law enforcement in Indiana."

Guiden invoked the waiver provision of 250 IAC 1–2–1 when he was reemployed by the police department. He received waivers on ten of the thirteen basic courses required by 250 IAC 1–5–1. The LETB refused to waive the first aid, firearms, and criminal law and procedure requirements. Guiden successfully obtained his advanced first aid card and passed the firearms test, but as noted previously, he failed the criminal law and procedure examination on three separate occasions. The Highland Board of Police Commissioners acted within its au-

thority in dismissing Guiden, for 250 IAC 1–2–4 provides that the "[f]ailure to attain such passing score for the basic training course shall constitute grounds for discharge on the basis of incapability or incompetency." Furthermore, IC 5–2–1–9(b) directs that no police officer "*shall* be empowered or authorized to enforce the laws or ordinances of this state or any political subdivision thereof unless he has, within one [1] year from his date of appointment, successfully completed the minimum basic training requirements. . . ."

In light of the LETB's promulgation of the waiver provision of 250 IAC 1–2–1, the phrase "date of appointment" as used in IC 5–2–1–9(b) must be construed as applying to all police officers, including those with previous law enforcement experience, who have been appointed after July 6, 1972. Thus, when a police officer voluntarily terminates his employment prior to the effective date of the minimum basic training and certification requirements and then is reappointed to the police department, he must demonstrate his present qualifications. He can do this by either successfully completing those requirements or by receiving a waiver of some or all of the requirements from the LETB. Guiden has done neither.

The trial court's affirmance of Guiden's dismissal from the police department by the Highland Board of Police Commissioners is not contrary to law.

Affirmed.

HOFFMAN, P. J., and GARRARD, J., concur.